29 F.3d 631
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kevin Bruce DICKINSON; John Sells, Plaintiffs-Appellants,
v.
Willie DAVIS, Supervisor, Correctional Food Service; G.
Mendez, C.F.S.S., ASPC Florence; G.E. Grant, Arizona State
Prison Complex Chaplain; Chaplain Butler, Institutional
Chaplain, ASPC-Florence; John R. Thompson, Administrator of
Pastoral Activities, Arizona Dept. of Corrections; et al.,
Defendants-Appellees.
 No. 93-17258.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 25, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kevin Bruce Dickinson and John Sells (collectively "plaintiffs"), Arizona state prisoners, appeal pro se the district court's order denying their motion for a preliminary injunction in their 42 U.S.C. Sec. 1983 action. We have jurisdiction pursuant to 28 U.S.C. Sec. 1292(a)(1). We affirm.
 
 
 3
 We review for abuse of discretion a district court's denial of a motion for a preliminary injunction. See Hunt v. National Broadcasting Co., 872 F.2d 289, 292 (9th Cir.1989). The district court abuses its discretion if the court (1) does not apply the correct legal standard regarding the issuance of preliminary injunctions or misapprehends the underlying substantive law, (2) bases its decision on a clearly erroneous finding of fact, or (3) applies an acceptable preliminary injunction standard but in a manner resulting in an abuse of discretion. See id.
 
 
 4
 Plaintiffs contend the district court abused its discretion by denying their motion for preliminary injunction. This contention lacks merit.
 
 
 5
 Plaintiffs are Identity Christians. They receive a vegetarian diet to accommodate the laws of their religion.[1] Plaintiffs alleged in their complaint that defendants had taken retaliatory actions designed to interfere with their right to receive a diet that complies with their religious dietary laws. See McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir.1987) (per curiam). In their motion, plaintiffs alleged that (1) their diet did not conform with the official prison menu for vegetarian diets, (2) their meals regularly were served at improper temperatures, (3) their food contained dirt and rocks, (4) the portions served were smaller than what was specified on the official menu, (5) the food service supervisors refused to let them see the official menu, (6) the food service supervisors deliberately incited tension between plaintiffs and the inmate cooks by telling the cooks about plaintiffs' complaints, (7) defendants had filed false disciplinary reports against them, and (8) defendants had threatened to transfer plaintiffs to lock-down. Plaintiffs also filed a supplement to their motion alleging that defendants had retaliated against them by refusing delivery of religious books from the publisher. Plaintiffs sought an order directing defendants to stop the alleged actions.
 
 
 6
 In ruling on plaintiffs' motion, the district court stated that plaintiffs had to demonstrate either (1) a combination of success on the merits and the possibility of irreparable harm, or (2) that serious questions were raised and the balance of hardships tipped in their favor. See Gilder v. PGA Tour, Inc., 936 F.2d 417, 422 (9th Cir.1991). Thus, the court applied the correct substantive law governing the issuance of preliminary injunctions. See Hunt, 872 F.2d at 292.
 
 
 7
 The district court then determined that plaintiffs failed to demonstrate a likelihood of immediate, irreparable harm warranting preliminary injunctive relief. We agree.
 
 
 8
 Under either formulation of the preliminary injunction standard, plaintiffs had to "demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury." Big Country Foods, Inc. v. Board of Educ., 868 F.2d 1085, 1088 (9th Cir.1989). Here, although plaintiffs alleged numerous instances of wrongful conduct by defendants, the record before the district court at the time it decided plaintiffs' motion is devoid of any evidence that plaintiffs were threatened with irreparable harm. See Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir.1988) (stating that moving party cannot merely allege irreparable harm but must demonstrate immediate threatened injury).[2] Thus, under our limited review of the district court's order, see Hunt, 872 F.2d at 292, we conclude that the district court did not abuse its discretion by denying plaintiffs' motion for a preliminary injunction.
 
 
 9
 Plaintiffs also contend the district court erred by refusing to consider their allegation that defendants had refused delivery of religious materials sent to plaintiffs. This contention lacks merit. We agree with the district court that plaintiffs' complaint did not encompass a claim of interference with plaintiffs' mail. As the district court stated, plaintiffs must either file a new action or seek leave to file an amended complaint.[3]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 According to plaintiffs, a vegetarian diet does not exactly conform to their religion's dietary laws but is the most acceptable diet available at the prison
 While appellant Sells is an Identity Christian, the prison apparently lists him as a Sikh in his prison records for dietary purposes.
 
 
 [2]
 In their reply brief, plaintiffs allege that on February 28, 1994, prison officials retaliated against them when Dickinson was told to pack his belongings because he was being transferred to another prison. They allege the transfer was stopped only through the intervention of an assistant deputy warden. This evidence was not before the district court at the time it decided plaintiffs' motion. Therefore, it is irrelevant to our consideration of this appeal. See Zepeda v. INS, 753 F.2d 719, 724 (9th Cir.1983)
 
 
 [3]
 Finally, plaintiffs contend the district court erred by granting defendants extra time to file an opposition to their motion for a preliminary injunction. This contention lacks merit. The district court acted well within its discretion by allowing defendants more time to file their opposition. See Fed.R.Civ.P. 6(b)